**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4177**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

COREY F. KITT,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:18-cr-00428-MGL-1)

———————

Submitted:  January 26, 2026          Decided:  February 19, 2026

———————

Before WYNN, BENJAMIN, and BERNER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Aimee Zmroczek, A.J.Z. LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Andrea G. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2018, Corey F. Kitt pled guilty to using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and was sentenced to 60 months' imprisonment, to be followed by a three-year term of supervised release. In 2021, the district court revoked Kitt's supervised release and imposed a 40-month term of imprisonment and an 18-month term of supervised release. Then, in 2024, the court again revoked Kitt's supervised release based on multiple violations of the terms of supervised release, including the possession of firearms. At the revocation hearing, the court imposed a new term of 21 months' imprisonment.

On appeal, Kitt first argues that the district court erred in revoking his supervised release because it relied on evidence that was obtained in violation of his Fourth Amendment rights. Under the exclusionary rule, the Government is generally prohibited from introducing at a criminal trial "evidence obtained in violation of a defendant's Fourth Amendment rights." *United States v. Stephens*, 764 F.3d 327, 335 (4th Cir. 2014) (internal quotation marks omitted). However, "the exclusionary rule does not apply in federal supervised release revocation proceedings." *United States v. Armstrong*, 187 F.3d 392, 393 (4th Cir. 1999). Kitt advances no arguments as to why we should find an exception to this rule in the context of his appeal. Therefore, because the evidence challenged by Kitt was considered in a revocation proceeding, *Armstrong* forecloses his constitutional challenge to the evidence supporting the revocation of his supervised release.

Next, we review "a district court's decision to revoke a defendant's supervised release for abuse of discretion," its underlying factual findings for clear error, and

2

unpreserved challenges for plain error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). The Government presented undisputed testimony at the revocation hearing that Kitt admitted to possessing a firearm in violation of his supervised release conditions. Based on Kitt's new criminal conduct, we discern no abuse of discretion in the revocation of Kitt's supervised release. *See* U.S. Sentencing Guidelines Manual § 7B1.3(a)(1), p.s. (2016) ("Upon a finding of a Grade A or B violation, the court shall revoke … supervised release.").

Kitt next argues that his 21-month sentence is procedurally and substantively unreasonable. Because Kitt did not request a sentence different from the one imposed, we review for plain error. *See United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2010). To succeed on plain error review, a defendant "must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (citation modified). "Even if all these factors are satisfied, we exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This Court will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "To consider whether a revocation sentence is plainly unreasonable, this Court must first determine whether the sentence is procedurally or substantively unreasonable." *Id.* "Only if a sentence is either procedurally or substantively unreasonable

3

is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Id*. at 437 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (citation modified); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). Where, as here, "there is more than one violation of the conditions of [supervision], or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." USSG § 7B1.1(b). The parties agree that possession of a fireman by a person convicted of certain crimes is a Grade B violation, but Kitt argues that had the firearms been excluded from evidence under the exclusionary rule, the remaining charges would have resulted in a lower policy statement range. As discussed above, the exclusionary rule does not apply in federal supervised release revocation proceedings, *Armstrong*, 187 F.3d at 393. Accordingly, the district court properly calculated Kitt's policy statement range.

Kitt further argues that, in fashioning his revocation sentence, the district court erred in predominately relying on the seriousness of the violation, promoting respect for the law, and providing just punishment. We find no plain error, as the district court considered the seriousness of Kitt's violations and the need to promote respect for the law in connection with the other § 3553(a) factors, cited Kitt's history of drug problems and mental health

4

struggles, and considered the need to deter others and achieve the goals of sentencing when determining Kitt's sentence. *See United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013) (noting that factors listed in 18 U.S.C. § 3553(a)(2)(A) are intertwined with factors courts are expressly authorized to consider under 18 U.S.C. § 3553(e)). We therefore conclude that Kitt's sentence is procedurally reasonable.

"A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). "[A] revocation sentence that is within the recommended [policy statement] range is presumed reasonable. And although the procedural and substantive aspects of review are distinct, less explanation is required for such a sentence than for a sentence that departs from the [policy statement range]." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (citation modified). Here, the court considered the applicable § 3553(a) factors, heard Kitt's allocution and counsel's argument, and concluded that the parties' jointly-requested sentence was appropriate based on the circumstances. Kitt has failed to rebut the presumption that his within-policy-statement-range revocation sentence is substantively reasonable.

Kitt's 21-month sentence is not unreasonable and therefore is not plainly unreasonable. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5